CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 2 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RANDY RAY ARTHUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:15cv257 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### REPORT AND RECOMMENDATION

Plaintiff Randy Ray Arthur ("Arthur") challenges the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled and therefore not eligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433. Arthur asserts that the ALJ erred by (1) failing to properly weigh the medical evidence; (2) failing to properly evaluate his credibility; and (3) relying on flawed testimony from the vocational expert. I conclude that substantial evidence does not support the ALJ's decision. Accordingly, I **RECOMMEND GRANTING in part** Arthur's Motion for Summary Judgment (Dkt. No. 11), **DENYING** the Commissioner's Motion for Summary Judgment (Dkt. No. 13), and remanding the case for further consideration by the ALJ.

### STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Arthur failed to demonstrate that he was disabled under the Act.[1] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such

---

[1] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted

1

relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

Arthur filed for DIB on July 12, 2010, claiming that his disability began on March 14, 2010.[2] R. 158, 334. The Commissioner denied the application at the initial and reconsideration levels of administrative review. R. 150–57, 160–71. On November 15, 2013, ALJ Benjamin McMillion held a hearing to consider Arthur's disability claim. R. 79–113. Arthur was represented by an attorney at the hearing, which included testimony from vocational expert Dr. Wells. Id.

On February 18, 2014, the ALJ entered his decision analyzing Arthur's claim under the familiar five-step process[3] and denying his claim for benefits. R. 58–70. The ALJ found that Arthur suffered from the severe impairments of chronic cervical and lumbar pain; degenerative

---

or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2),.

[2] Arthur's date last insured is December 31, 2014. R. 352. Thus, he must show that his disability began before that date and existed for twelve continuous months to receive DIB. 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a).

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

2

disc disease; right shoulder impingement; chest pain; cardiovascular disease; status post catheterization; headaches; anxiety disorder; and depressive disorder. R. 60. The ALJ found that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 61. The ALJ further found that Arthur retained the RFC to perform light work, except that he could only occasionally kneel, crawl, crouch, stoop, balance, and climb; frequently but not constantly reach overhead; and is limited to jobs with no more than simple job instructions.[4] R. 62. The ALJ determined that Arthur could not return to his past relevant work as a combination welder (R. 68), but that Arthur could work at jobs that exist in significant numbers in the national economy, such as dining room silver wrapper, packing line worker, or cafeteria attendant. R. 69. Thus, the ALJ concluded that Arthur was not disabled. R. 70. On March 30, 2015, the Appeals Council denied Arthur's request for review (R. 1–5), and this appeal followed.

## ANALYSIS

Arthur argues that the ALJ committed three errors: (1) that he failed to properly weigh the medical evidence, (2) that he failed to properly evaluate Arthur's credibility, and (3) that he relied on flawed vocational expert testimony contrary to the Fourth Circuit's decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). I find that the ALJ's failure to explain why Arthur's restriction to simple job instructions accounts for his moderate limitations in concentration, persistence, and pace is contrary to the Fourth Circuit's holding in Mascio and that remand is appropriate.

---

[4] An RFC is an assessment, based upon all of the relevant evidence, of what a claimant can still do despite his limitations. 20 C.F.R. § 404.1545. Descriptions and observations of a claimant's limitations by him and by others must be considered along with medical records to assist the Commissioner in deciding to what extent an impairment keeps a claimant from performing particular work activities. Id.

3

In Mascio v. Colvin, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question [to the VE] to simple, routine tasks or unskilled work.'" Mascio, 780 F.3d at 638. This is so because "the ability to perform simple tasks differs from the ability to stay on task." Id. In Mascio's case, the ALJ determined at Step 3 that she had moderate limitations in concentration, persistence, and pace, but included no accompanying limitations in his hypothetical to the vocational expert.

The Fourth Circuit did not hold that a claimant's moderate limitations in concentration, persistence, and pace <u>always</u> translate into a corresponding limitation in the RFC. Rather, Mascio underscores the ALJ's duty to adequately review the evidence and explain the decision. An ALJ may very well account for a claimant's limitations in concentration, persistence, and pace by restricting the claimant to simple, routine, unskilled work where the record supports this conclusion, either through physician testimony, medical source statements, consultative examinations, or other evidence. In Mascio, it was the ALJ's failure to explain "why Mascio's moderate limitation in concentration, persistence, or pace at step three [did] not translate into a limitation" in the RFC that ultimately created the error. Id.

More recently, in Monroe v. Colvin, __ F.3d __, 2016 WL 3349355 (4th Cir. 2016), the Fourth Circuit reiterated the requirement that the ALJ adequately explain his conclusions by including a "specific analysis that would allow for meaningful review" and building "an accurate and logical bridge from the evidence to his conclusions." Monroe, 2016 WL 3349355, at *10 (internal citations omitted). Mascio and Monroe, taken in tandem, stand for the propositions that (1) the ALJ cannot account for a claimant's moderate limitations in concentration, persistence, and pace at Step 3 by imposing a limitation to simple work without an adequate explanation for doing so, and (2) the ALJ's explanations in general must contain sufficient analysis of the record

4

evidence that allows for meaningful review. Given this instruction from the Fourth Circuit, I must conclude that the ALJ erred in Arthur's case.

In his opinion denying Arthur's claim for benefits, the ALJ found at Step 2 that Arthur suffered from the severe impairments of anxiety disorder and depressive disorder[5] and at Step 3 that Arthur had "moderate difficulties" in concentration, persistence, and pace. R. 61. The ALJ then concluded that Arthur had the RFC to perform light work except that he can occasionally kneel, crawl, crouch, stoop, balance, and climb; frequently but not constantly reach overhead; and that he would be limited to jobs with no more than simple job instructions. R. 62. The only other time the ALJ addressed Arthur's mental health was in a single, short paragraph at R. 66–67 which reads:

> Though the claimant's mental impairments cause more than minimal work-related limitations and thus are "severe" as that term is defined by the regulations, the claimant has not received any ongoing mental health treatment, such as counseling or therapy. Though he has sometimes exhibited disturbances of his affect, he has not reported symptoms such as crying, racing thoughts, etc. at treatment visits. [internal citations omitted] His treatment consisted of prescribed medication, which he has received at physical treatment visits.

R. 66–67.[6] Nowhere else does the ALJ address Arthur's mental health symptoms or their impact on his ability to concentrate, to complete tasks, or to stay on task, despite finding that Arthur had severe mental health impairments and moderate limitations in concentration, persistence, and pace. The ALJ's RFC restriction to simple work – without additional explanation – runs afoul of Mascio's holding that a restriction to simple work instructions does not account for a moderate limitation in concentration, persistence, and pace. The lack of explanation for making such a

---

[5] The ALJ also found that Arthur suffered from the severe physical impairments of chronic cervical and lumbar pain; degenerative disc disease; right shoulder impingement; chest pain; cardiovascular disease, status post catheterization; and headaches. R. 60.

[6] While Arthur may not have reported crying at treatment visits, he did testify at the hearing that he sometimes cried, felt hopeless, and that he had thoughts of harming himself. R. 88.

decision likewise runs afoul of Monroe's requirement that the ALJ provide "specific analysis that would allow for meaningful review." Monroe, 2016 WL 3349355, at *10. Accordingly, I **RECOMMEND** that this case be remanded for the ALJ to adequately address how a limitation to simple work instructions adequately accounts for Arthur's moderate limitation in concentration, persistence, and pace.

Arthur additionally argues that the ALJ erred by failing to properly weigh the medical evidence and failing to properly evaluate his credibility. Because I am recommending that this case be remanded on Arthur's Mascio argument, I decline to address these additional issues in depth. However, in light of the Monroe decision, I would recommend the ALJ revisit these other arguments on remand.[7]

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that an order be entered **GRANTING in part** the claimant's motion for summary judgment, **DENYING** the Commissioner's motion for summary judgment, and **REMANDING** this case to the ALJ for further administrative proceedings.

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual

---

[7] Specifically, the ALJ failed to assign any weight to the opinion of state agency physician Brian Strain, M.D. He also assigned little weight to Arthur's treating physician's opinion and found Arthur to be less than credible with minimal explanation and little specific analysis.

6

recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered: August 12, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge